IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BART M. GRISSOM,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JANE DOE #1 NURSE, JOHN DOE #1 CORRECTIONAL OFFICER, and JANE DOE #2 NURSE,**<br><br>**Defendants.** | **Case No. 26-cv-921-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Bart M. Grissom, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Grissom alleges that Defendants were deliberately indifferent to his need for assistive devices and to injuries received in a fall.

The case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

On November 19, 2025, Grissom arrived at Pinckneyville Correctional Center (Doc. 1, p. 5). During the intake process, he met with Jane Doe #1 Nurse and told her about various injuries that he suffered from, including an injured rotator cuff, issues with his left ankle which needed fused, and a plate and screws in his right leg stemming from previous gunshot wounds (*Id.*). Grissom requested a walking boot and a low bunk, low gallery permit because of the difficulties he experienced walking up and down stairs (*Id.*). Jane Doe #1 stated that she would put him on the list to see the doctor but could not issue the permits herself because only the doctor could issue such permits (*Id.*).

On November 21, 2025, Grissom was moved to a unit where he was placed on the top gallery and in the top bunk (Doc. 1, p. 5). He submitted medical requests for two weeks because of the pain he experienced traversing the stairs and climbing into his bunk (*Id.*). On December 1, 2025, he finally saw Jane Doe #2 Nurse (Grissom identifies her by her first name, Stacy) (*Id.* at pp. 5-6). Jane Doe #2 Nurse told Grissom that the prison does not hand out requested permits to just anyone (*Id.* at p. 6). Grissom complained that he could not continue to walk up and down the stairs, but Jane Doe #2 merely stated she would place him on the list to see the doctor (*Id.*). She also prescribed ibuprofen.

On December 3, 2025, Grissom's leg gave out as he was getting off his top bunk (Doc. 1, p. 6). He fell to the floor, breaking his nose, and passed out. When he woke, he raised his head, hitting it on the desk in his cell and nearly ripping his right ear completely off (*Id.*). Despite blood being all over the cell, when John Doe Officer #1 responded to Grissom's screams, the officer accused him of lying and kept walking (*Id.*). Grissom did

not receive care until the gym line was called and he stumbled out of his cell in view of other officers (*Id.*). He was transported to Pinckneyville Community Hospital where he received 14 stitches in his right ear (*Id.* at p. 7). Grissom notes that doctors failed to treat his nose, and it is now permanently bent (*Id.*). Nurses at the prison eventually submitted a request for a cane for Grissom but he did not receive the cane until April 2026, several months after the submission of the initial request.

**Discussion**

Based on the allegations in the Complaint, the Court designates the following counts:

**Count 1:** **Eighth Amendment deliberate indifference to medical needs claim against Jane Doe #1 Nurse and Jane Doe #2 Nurse for failing to provide Grissom with any assistive devices are treatment for his injured legs.**

**Count 2:** **Eighth Amendment deliberate indifference to medical needs claim against John Doe #1 Correctional Officer for failing to provide Grissom with medical care after his fall from the top bunk.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

To successfully state an Eighth Amendment claim of deliberate indifference to medical needs, a plaintiff must plead that he suffered from "an objectively serious medical condition" and that a "state official was deliberately… indifferent" to that condition. *See Giles v. Godinez*, 914 F. 3d 1040, 1049 (7th Cir. 2019). At this stage, Grissom fails to state a claim against Jane Doe #1 Nurse. He alleges that he saw her on only one occasion during his intake review and she told him that although she could not issue permits, she would submit him for an appointment with the doctor. There are no allegations to suggest that this nurse saw Grissom on any other occasion or that she refused to submit him for a doctor's visit. At the time that the nurse spoke with Grissom, he had not yet been placed on the top gallery, and there is no indication that she was aware of Grissom's eventual placement. If Jane Doe #1 failed to submit Grissom for a visit with the doctor, the allegations, at most, suggest negligence on her part—which does not state a constitutional claim. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (deliberate indifference is more than negligence, something approaching intentional wrongdoing).

But Grissom does state a claim against Jane Doe #2 Nurse. At the time Grissom met with Jane Doe #2, he had been housed on the top gallery, top bunk for a few weeks. He complained that he could no longer traverse the steps and was in significant pain. But Jane Doe #2 merely noted that not everyone gets permits and provided him with ibuprofen. Construing Grissom's allegations liberally, her actions could amount to deliberate indifference because she knew at that point that Grissom was having difficulties with his placement. Thus, Count 1 shall proceed against Jane Doe #2 Nurse.

Grissom also adequately states a claim against John Doe #1 Correctional Officer. The officer allegedly saw Grissom's injuries and blood but accused Grissom of lying about his injuries and failed to provide him with any care. Thus, Count 2 shall proceed against John Doe #1.

In order to aid Grissom in identifying the Jane and John Does, the Court **ADDS** Pinckneyville Warden John Barwick to the case, in his official capacity only, to respond to discovery aimed at identifying the unknown defendants.

## Disposition

For the reasons stated above, Count 1 shall proceed against Jane Doe #2. Count 2 shall proceed against John Doe #1. John Barwick is **ADDED**, in his official capacity only, to help identify the unknown defendants.

The Clerk of Court shall prepare for John Barwick (official capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant at Pinckneyville Correctional Center. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service him, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Because John Barwick is only in the case to help identify the unknown defendants, he need not file an Answer. Once Barwick has been served and counsel has entered an

appearance on his behalf, the Court will enter a scheduling order with further instructions on discovery regarding the unknown defendants.

Because Grissom's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Grissom, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Grissom is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 18, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. After the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**